## FIRST NAT. BANK OF BOSTON v. HAMILTON BROWN SHOE CO.
### No. 3257.

District Court, D. Massachusetts.
March 18, 1931.

Frederick H. Nash, Charles O. Pengra, Choate, Hall & Stewart, and Hill, Barlow & Homans, all of Boston, Mass., for receivers.

Warner, Stackpole, Bradlee & Cabot, of Boston, Mass., for defendant.

MORTON, District Judge.

The local receivers' inventory showed $1,165,000 of assets, consisting principally of a stock of shoes.on hand and bills receivable, together with the equipment and furnishings of a large office. They were instructed to liquidate it. At the time when they were appointed, the general receiver in St. Louis expressed the opinion, informally, that the property here might realize $750,000. The net amount actually realized, after paying all substantial expenses of the receivership and liquidation except these fees, was $965,000. Considering the character of the assets —shoes and bills receivable—and trade conditions, this result was extremely good. It was not due to any happy chance, but to the excellent judgment and ability with which the affairs of the receivership were managed. Work of such character ought to be recognized in the award of compensation. The time during which the affairs of the receivership were actively carried on was not long, about five months. This promptness in accomplishing their work of liquidation is certainly no reason for decreasing the receivers' allowance, rather the contrary; the receivership might have dragged along with much greater expenditure of time to a much less favorable result. Moreover, the responsibility of such a trust is always a matter for consideration in fixing compensation.

The receivers, without presenting any formal bill, suggest that $30,000 would be a proper allowance. The objecting stockholders contend that half that amount would be enough, for the reason that the time put on the case by the receivers does not justify any higher figure. In this rather exceptional case, however, the time spent seems to me of less weight in fixing compensation than the ability displayed and the result achieved. These receivers were appointed to do a difficult job. They did it promptly and unusually well, and they should be paid accordingly. There is no dispute as to the quality of their work; counsel for the stockholders referred to it as "splendid service."

As one of the receivers was my independent selection, I desired to fix the fees at an amount which in my judgment is certainly not excessive. I fix the amount at $25,000, to be apportioned between them as they may agree, the sums already received by them to be credited against it. On all evidence I find and rule as above stated.

Ordered accordingly.